By the Court.
 

 William Link filed a petition on appeal in the court of common pleas of Cuyahoga county, seeking relief from a finding made and a decision rendered against him by the Industrial Commission.
 

 In'his amended petition, he averred that his employment on November 13, 1923, was such as to entitle him to the benefits of the Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 G-eneral Code), that upon that date he had received an injury in the course of his employment; that he duly notified his employer and the Industrial Commission of that fact, and filed with the commission a claim for an award covering the injury so received. He then averred that thereafter, without stating when, the commission denied him the right to further participate in the benefits due him from the workmen’s compensation fund, and that the commission then
 
 *37
 
 informed Mm that, when they heard his case on December 23, 1926, three years after the accident, the commission then found and certified that he had been fully compensated for all injuries resulting from the accident referred to. He further averred that thereupon, and within 30 days thereafter, he filed his notice of appeal, and filed an application for an award covering his injury, and that said application was denied.
 

 There is nothing in his amended petition showing any action by the Industrial Commission maMng him any Mnd of an award at any time during the period of three years following the time of his injury, except the statement in his notice of appeal and his amended petition that his application for an award had been denied, and the statement in the amended petition filed January 17,1927, that he had been denied the right to further participate in the fund.
 

 The Industrial Commission filed a demurrer to the amended petition, which was overruled. During the trial of the case in the court of common pleas, Link asked leave to further plead, and thereupon filed a second amended petition, stating somewhat more in detail the nature óf his injury, and repeating the statement found in his amended petition that the commission, when they heard his case on December 23, 1926, had found that he had been fully compensated for all injuries resulting from the accident in question.
 

 Upon an examination of the record in this case, it was very readily disclosed that a considerable amount of evidence was taken by the commission, and that the commission had gone very thoroughly
 
 *38
 
 into the question of the extent of the injuries resulting from the accident, and had considered at the same time other physical infirmities, which the evidence showed Link to have been afflicted with at that time, not caused by or arising out of the accident in question. For some reason, which is not apparent in the record, counsel for Link evidently thought it wise not to present the facts in his pleadings with respect to the examination of his injuries by the commission, and the awards that were made to him with respect thereto. It is entirely clear that he was making a claim for the first time that he had been totally disabled from performing any labor by which he could earn a living, when he perfected his appeal in the court of common pleas. After the jury had been impaneled in the court of common pleas, the Industrial Commission moved the court to exclude all evidence and dismiss the appeal, at the costs of Link. This motion was granted, and judgment entered accordingly. Link prosecuted error to the Court of Appeals, which court, after an examination of all the evidence, reached the conclusion that there was sufficient in the pleadings and the evidence, as the case stood in the court of common pleas, to call for the submission of the case to the jury, and for that reason the Court of Appeals reversed the judgment of the court of common pleas and remanded the case to be tried out there. The Industrial Commission prosecutes error to this court.
 

 In view of the unusual form of the pleadings in this case, and of the many facts that might properly have been incorporated in the pleadings, but were not, if the Court of Appeals had seen fit to affirm the judgment of the court of common pleas,
 
 *39
 
 we would not be disposed to disturb that action of tbe Court of Appeals. However, tbe Court of Appeals reversed the judgment entered in tbe court of common pleas, and we see no error in tbe action of tbe Court of Appeals in so doing.
 

 Tbe judgment of tbe Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Day and Allen, JJ., concur.
 

 Jones, J., concurs in tbe judgment.