the improvement would be paid for.   Section 11241, General Code.

The demurrer should have been overruled, and for having sustained it the judgment of the court of common pleas must be reversed.

*Judgment reversed.*

HUGHES and JUSTICE, JJ., concur.

INDUSTRIAL COMMISSION OF OHIO *v.* LINK.

(Decided October 14, 1929.)

*Mr. Gilbert Bettman* and *Mr. Arthur Krause,* for plaintiff in error.

*Mr. R. R. Pierce,* for defendant in error.

LEVINE, J. Error proceedings are prosecuted to this court from a judgment rendered in the common pleas court of Cuyahoga county in favor of defend-

ant in error, William Link, who was injured on November 13, 1923, while in the course of his employment for the Lake Erie Provision Company, a subscriber to the state industrial fund. Thereafter, application for compensation, as provided by law, was made and an award was granted by the Industrial Commission for temporary total disability and temporary partial disability up to December 31, 1926. On application for a modification of the award, the Industrial Commission, on December 23, 1926, made the following entry, to-wit:

"That the claimant had been fully compensated for disability due to his injuries."

Appeal was perfected in due time to the common pleas court. Upon the first hearing the trial court sustained an objection to any testimony being introduced for want of jurisdiction. The Court of Appeals reversed the judgment of the common pleas court, holding that the injured party was still within his rights in having the matter decided by the common pleas court. The Supreme Court of Ohio (120 Ohio St., 36, 165 N. E., 535) affirmed the decision of the Court of Appeals and remanded the case for retrial according to law. The case was retried in May, 1929, and the jury found for the defendant in error, declaring that he was suffering from a permanent, total disability, and, such being the case, was entitled to compensation from and after December 31, 1926.

Counsel for plaintiff in error in the following three questions summarizes the issues before this court:

"1st. Did the court err in failing to sustain the motion of the plaintiff in error objecting to the in-

troduction of any evidence on the ground that the court had no jurisdiction?

"2d. Did the court err in admitting *ex parte* statements, letters and other evidence introduced by defendant in error and duly objected to by the plaintiff in error?

"3d. Was the verdict of the jury influenced by sympathy, passion and prejudice in favor of the defendant in error, and against the weight of the evidence?"

We must, of course, eliminate issue No. 1 for the reason that the law has been fully adjudicated by this court and also by the Supreme Court of Ohio in holding that the defendant in error was entitled to a trial in the common pleas court.

As to issue No. 2 it is claimed that prejudicial error was committed, materially affecting the rights of plaintiff in error, when the court permitted to be introduced in evidence certain medical reports, letters of doctors, and records of the proceedings of the Industrial Commission.

Reference is made to Section 1465-90, General Code, as amended, 111 Ohio Laws, 227, effective July 14, 1925, which reads:

"Within ten days after the filing of the answer the industrial commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; but the court may exclude from evidence such portions of the transcript which are not competent, material or

relevant evidence and to which objection was made or exception taken at such rehearing before the commission and may admit in evidence such competent, material or relevant evidence as was excluded by the commission at such rehearing, over the objection and exception of the party offering the same.''

It is submitted by counsel for plaintiff in error that, while medical reports may be useful to the commission, or to the claimant, when used in good faith, they are, in the absence of statute, always held to be inadmissible in any action at law before a jury.

Particular reference is had to a report from Dr. W. E. Lloyd to the Industrial Commission wherein is contained the following language:

''He insists that he is unable to work and states that he is in very straitened circumstances and that he is to be evicted from the house in which he lives next Monday unless he has paid his rent by that time.''

Also a letter sent in by Dr. C. L. Cummer and addressed to Dr. Harry Paryzek; also a letter from Dr. Paryzek to Dr. E. F. Mitchell, giving his opinion, findings, and impressions.

It is contended that all these reports by the various doctors were incompetent for introduction in evidence, since the doctors were not present in person to testify at the trial, and plaintiff in error had no opportunity to cross-examine them upon their statements.

Other reports and memoranda from the files of the Industrial Commission were introduced in evidence, which plaintiff in error contended were improperly permitted by the court.

The widest latitude was conferred upon the In-

dustrial Commission by the Legislature. The following sections are illustrative of these wide powers so conferred upon the Commission:

Section 871-9, General Code, provides:

"Said commission shall keep a separate record of its proceedings relative to claims coming before it for compensation for injured and the dependents of killed employes which record shall contain its findings and the award in each such claim for compensation considered by it and in all such claims the reason or reasons for the allowance or rejection thereof shall be stated in said record."

Section 871-10, General Code, provides that "subject to the provisions of this act, the commission may adopt its own rules of procedure," etc., and in Section 871-22, par. 7, the commission is empowered to "adopt reasonable and proper rules and regulations relative to the exercise of its powers and authorities, and proper rules to govern its proceedings and to regulate the mode and manner of all investigations and hearings."

Section 1465-44, General Code, provides:

"The board shall adopt reasonable and proper rules to govern its procedure, regulate and provide for the kind and character of notices, and the services thereof, in cases of accident and injury to employes, the nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to benefits of compensation from the state insurance fund, hereinafter provided for, the forms of application of those claiming to be entitled to benefits or compensation therefrom, the method of making investigations, physical examinations and inspections, and pre-

scribe the time within which adjudications and awards shall be made.''

Section 1465-52 provides:

''The board shall prepare and furnish blank forms, and provide in its rules for their distribution so that the same may be readily available, of application for benefits or compensation from the state insurance fund, notices to employers, proofs of injury or death, of medical attendance, of employment and wage earnings, and such other blanks as may be deemed proper and advisable.''

Section 1465-91, General Code, provides:

''Such commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of his [this] act.''

These sections embrace the powers and duties of the Industrial Commission to acquire information and evidence for use in considering the merits of the claim filed by an injured employee. There is no doubt but that the Commission itself has complete control of the manner and form in which evidence and proof is acquired in hearings before it. By the express authority of the Code, Section 1465-91, *supra,* the commission is not bound by the usual common-law statutory rules of evidence, or by technical or formal rules of procedure. The claimant has no control over the evidence which gets into the Industrial Commission file. Whatever evidence is admitted to its file is so permitted by the commission.

In the case of *Industrial Commission* v. *Collela,* 17 Ohio App., 301, the court points out that the rules and procedure of the Industrial Commission are of such importance and general interest, not only to employers or employees, but to the general public, that the courts are authorized to and do take judicial notice of the same, as is done of all laws of a general nature.

The Industrial Commission does not assume an adverse attitude toward any applicant for compensation. It gathers such evidence as it deems important in order to aid it to reach a conclusion. When an appeal is taken from its decision to the common pleas court, it forwards to the court a transcript of its record relating to the matter in which the appeal is taken. The law does not specify anywhere what shall be contained in that transcript. The Industrial Commission alone prepares the transcript, and forwards it to the court.

In the case at bar it forwarded such transcript consisting of all reports in its file and of the findings by the commission. It appears from the record that portions of the transcript so forwarded by the commission were used and referred to by counsel for plaintiff in error, and we know of no reason why the entire transcript so prepared by the commission and forwarded to the court should not be submitted for the consideration of the court and jury. After all, the matter contained in the transcript forms the basis of the judgment of the Industrial Commission. When all that mass of information was brought to the attention of the court and jury, it undoubtedly enabled such court and jury the better to determine

whether the commission was correct in its judgment.

We are of the opinion that the now recognized right of a claimant who appeals to the common pleas court to introduce other evidence in addition to that which is contained in the transcript does not militate against the introduction of the transcript in its entirety. The transcript is the creation of the Industrial Commission. It alone prepares it and forwards it to the court, and the basis upon which it reaches its conclusions could, in our opinion, properly be submitted in evidence for the consideration of the court and jury. Particularly is that true when counsel for the commission saw fit to offer portions of the transcript in behalf of the commission in order to sustain its position.

It is a well-known rule of evidence that, when a part of a document is offered in evidence by either side, the opposing side may call for the entire contents of the document. This rule, in our opinion, is applicable to this case.

When counsel for plaintiff in error saw fit to offer in evidence portions of the transcript it was entirely within the rights of defendant in error to call for the entire transcript.

As to the question involved in issue No. 3, that the verdict of the jury was influenced by passion and prejudice, and that the same is against the weight of the evidence, we find that there is evidence in the record tending to support the claim of defendant in error; and we feel unauthorized to interfere with the verdict of the jury upon that ground.

Upon these considerations we hold that there was no prejudicial error materially affecting the rights

of plaintiff in error, and the judgment of the common pleas court is therefore affirmed.

*Judgment affirmed.*

VICKERY, P. J., and SULLIVAN, J., concur.