Day, J.
 

 There are two major questions presented by this record: (1) The jurisdictional question raised by the claim of the plaintiff in error that there never has been a denial of Lint’s right to participate in the state insurance fund upon grounds going to the basis of his claim; (2) that the court of common pleas erred in admitting in evidence, over the objection of the commission, certain portions of the record made before the Industrial Commission, and certified to the court of common pleas.
 

 As to the jurisdiction question, it is the claim of .the commission that, in view of the fact that the resolution of December 23, 1926, finding that “claimant has been fully compensated for disability resulting from injury,” referred to the period of time ending January 1, 1927, it did not purport to be a finding of the claimant’s rights beyond that period.
 
 *187
 
 It appearing that claimant had been ordered paid np to that date, January 1, 1927, by the resolution of August 24,1926, the commission argues from this state of the record that it was entirely within claimant’s rights to again go before the commission and work out his claims rather than to go into the court of common pleas by way of appeal from the order of the commission of December 23,1926.
 

 It is the claim of Link that the resolution of December 23d was such a final order that an appeal might be taken therefrom.
 

 This question, we think, was raised by the record and considered by this court in
 
 Industrial Commission
 
 v.
 
 Link,
 
 120 Ohio St., 36, 165 N. E., 535, and the finality of the order of December 23, 1926, as we construed it, is sufficient upon which to base the appeal to the court of common pleas, and is within the principle laid down in
 
 Industrial Commission
 
 v.
 
 Phillips,
 
 114 Ohio St., 607, 151 N. E., 769, and
 
 Stricker
 
 v.
 
 Industrial Commission,
 
 114 Ohio St., 607, at page 622, 151 N. E., 769. Entertaining this view, the claim of the commission in this behalf must be denied.
 

 This brings us to the consideration of the second question: Did the Court of Appeals err in affirming the judgment of the common pleas court in the admission of evidence?
 

 This case was tried under the law as it was before the amendment of Section 1465-90, General Code, in 1925, and it is to be noted that parts of the record made before the Industrial Commission were introduced in evidence on each side, and, while the respective counsel took exception to the introduction by opposite counsel of so much of the record as was
 
 *188
 
 introduced by them, it would seem that, in so far as the record served the purpose of counsel,
 
 both
 
 sides regarded it as admissible. However, the matters presented here squarely raise the question whether, when the record contains
 
 ex parte
 
 statements such as letters, reports to the commission, and other evidence of like character — which are presented to and considered by the commission, without opportunity to cross-examine — such evidence, having been admitted and considered by the commission, is to be presented to the jury upon appeal and trial in the court of common pleas as a part of the record made before the Industrial Commission.
 

 As a basic proposition it may be said that the people of this state, by the constitutional amendment of 1912 and the statutes enacted pursuant thereto, have created quite a different method of compensating those injured in industrial employments than existed theretofore. The plan aidopted for the carrying out of such purpose abolished the old common-law rules of negligence and the right of recovery of damages for personal injuries based thereon.
 

 It is apparent that the widest latitude was conferred upon the Industrial Commission by the legislature, and an examination of a few of the provisions of the General Code will indicate an intent upon the part of the lawmaking body to confer upon the commission the broadest of powers to achieve the object and purpose to be attained. Among such sections, and as illustrative of this wide latitude, the following may be cited:
 

 Section 871-9, General Code, provides: “* * * Said commission shall keep a separate record of its proceedings relative to claims coming before it for
 
 *189
 
 compensation for injured and the dependents of killed employees which record shall contain its findings and the award in each such claim for compensation considered by it and in all such claims the reason or reasons for the allowance or rejection thereof shall be stated in said record.”
 

 Section 871-10, General Code, provides: “Subject to the provisions of this act, the commission may adopt its own rules of procedure,” etc.
 

 In Section 871-22, par. 7, the commission is empowered “To adopt reasonable and proper rules and regulations relative to the exercise of its powers and authorities, and proper rules to govern its proceedings and to regulate the mode and manner of all investigations and hearings.”
 

 Section 1465-44, General Code, provides: “The board shall adopt reasonable and proper rules to govern its procedure, regulate and provide for the kind and character of notices, and the services thereof, in cases of accident and injury to employees,
 
 the nature and extent of the proofs and evidence,
 
 and
 
 the method of taking and furnishing the same,
 
 to establish the right to benefits of compensation from the state insurance fund, hereinafter provided for, the forms of application of those claiming to be entitled to benefits or compensation therefrom, the method of making investigations, physical examinations and inspections, and prescribe the time within which adjudications and awards shall be made.”
 

 Section 1465-52, General Code, provides as follows: “The board shall prepare and furnish blank forms, and provide in its rules for their distribution so that the same may be readily available, of appli
 
 *190
 
 cation for benefits or compensation from the state insurance fund, notices to employers, proofs of injury or death, of medical attendance, of employment and wage earnings, and such other blanks as may be deemed proper and advisable, * *
 

 Section 1465-91 provides: ‘ ‘ Such commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of his [this] act * *
 

 It thus appears that by the express authority of the General Code considerable latitude is given the commission in its procedure. In the first place, that body is not an adversary one to the claimant; rather is the claimant in the position of a ward of the commission and entitled to its protection. The claimant’s only right of recovery for injury done him, exclusive of exceptional instances, was before the Industrial Commission, and he had no control over the evidence which the Industrial Commission seeks to consider. Having permitted all this evidence to come before it, and having based its judgment thereon, and that judgment being the subject of review, we see no reason, in the light of statutory provision and the plain purpose of the constitutional amendment and laws enacted relative thereto, why this record made by the commission should not be received in evidence and the claimant be thus afforded an opportunity to meet such record by testimony, if he so desires, and “to examine his own witnesses and cross-examine the witnesses proffered
 
 *191
 
 upon the other side.” Both sides used and referred to excerpts from the record, and it formed the basis of the judgment of the commission, which was subject to review upon appeal.
 

 This court has heretofore held, in the case of
 
 Industrial Commission
 
 v.
 
 Hilshorst,
 
 117 Ohio St., 337, 158 N. E., 748, that the provision of Section 1465-90, General Code (109 Ohio Laws, 296), which provides that the right of the claimant shah be determined “upon the evidence contained in such record and no other evidence,” is inconsistent with that portion of the same section which provides that the claimant shall be “entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.” That case involved a construction of the statute as it existed prior to the amendment of 1925, just as in the instant case. We find nothing in principle in that case inconsistent with the conclusion reached herein.
 

 It is to be borne in mind that the claimant is the only party which has the right of appeal. The state, as represented by the commission, does not enjoy such right. It is the judgment of the commission that is subject to review upon the appeal, and, if other evidence may be introduced upon the appeal to meet or test some of the evidence considered by the commission in reaching its conclusion, as held in the
 
 Hilshorst case, supra,
 
 it certainly must follow that the evidence considered by the commission in reaching the conclusion under review was such that the commission should not now be heard to deny the admissibility thereof.
 

 The exhibits offered by the plaintiff consisted of the record of its proceedings and its orders, reports of its doctors and of doctors authorized to make X-
 
 *192
 
 rays and Wasserman tests, all reported to the commission, and upon which it
 
 acted;
 
 also a letter from the Cook County Hospital with reference to Link’s residence therein, which the commission ordered Link to procure.
 

 We regard these documents and records not as hearsay, but as
 
 ex parte
 
 statements which reflect the personal knowledge of the persons who made them, and open to no objection except that no opportunity to cross-examine was afforded. Each of the reports was based upon a physical examination of the claimant, or upon a chemical analysis of his blood, or upon an X-ray photograph of claimant. If the chemist’s report pertained to an analysis of matter, the source of which was not personally known to him, and which was not shown by any other evidence to have been procured from the claimant, such analysis would clearly have been only hearsay.
 

 Such a situation is not presented by this record. If the physicians’ and chemist’s reports did not afford the privilege of cross-examination, they did afford the fullest opportunity for rebuttal.
 

 We are only passing upon the right of the commission to receive
 
 ex parte
 
 testimony which pertained to matters which were material and relevant
 
 to
 
 the issue, and which did not
 
 depend
 
 upon the veracity and competency of some person other than the witness. These documents were some of the very evidence upon which the commission acted in originally allowing compensation and in ultimately rejecting Link’s claim. Having thus considered them, we do not think the commission, upon appeal, could be heard to say that their consideration by the jury was prejudicial.
 

 
 *193
 
 It is to be noted that this record does not present a case arising under Section 1465-90 as amended in 1925, and we express no opinion thereon.
 

 There are other grounds of error set forth in the briefs of counsel, but the same were not presented in oral argument, and, while not waived by plaintiff in error, it is sufficient to say that we have examined the same and do not find that prejudicial error intervened.
 

 Under Section 1465-90, as it read before the amendment of 1925, the jury shall fix the compensation “within the limits under the rules prescribed in this act. ” Under the provision, in the light of the evidence, we see no abuse of the jury’s prerogative under the statute as the same then read.
 

 As to the attorney’s fee, the record discloses that the court found “that there be taxed in the costs of this case an allowance of a fee to the plaintiff’s attorney in the sum of five hundred dollars.” The statute which controlled at the time of the trial of this cause, found in volume 109, page 298, Ohio Laws (Section 1465-90, G-eneral Code), provided:
 

 “The cost of any legal proceedings, authorized by this section, including an attorney’s fee to the claimant’s attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party; provided, however, that such attorney fee shall not exceed twenty per cent, of any award up to the sum of five hundred dollars, and ten per cent, on all accounts [amounts] in excess thereof, but in no event shall such fee exceed the sum of five hundred dollars. ’ ’
 

 While the briefs of counsel indicate a difference of opinion of the amount that is now due, we gather
 
 *194
 
 that it is not claimed that any different method may be employed in collecting snch fee than that set forth in the statute, to wit, the
 
 pro rata
 
 percentage plan, and to that extent the judgment herein should be modified so that the attorney’s fee allowed should comply with the statute then in force. The same principle is here involved as to attorney fees as is involved in the case of
 
 Fisher Body Co.
 
 v.
 
 Cheflo, ante,
 
 142, 171 N. E., 31, this day decided.
 

 We have examined the charge of the court, and we think the burden of proof was placed upon the plaintiff, and that no prejudicial error occurred in that regard, the court saying: “Now, as has been already stated, according to law, the burden of proof is upon the one who brings an action as this, and under the law it becomes the duty of Mr. Link to prove his claims by what is known in law as a preponderance of the evidence.” We do not think from the entire charge, that the. jury was misled as to where the burden of proof rested in this case.
 

 Further, it should be noted that in the brief of counsel for defendant in error the sufficiency of this record is challenged. While some mention was made of this point in the oral argument, we do not deem it necessary to give the same further consideration.
 

 Upon the entire record, we have reached the conclusion that the judgment of the Court of Appeals should be modified as to the allowance of the attorney’s fee, and that the cause be remanded to the court of common pleas for such purpose only. In all other respects the judgment is affirmed.
 

 Judgment modified and affirmed.
 

 Marshall, C. J., Kinkade and Allen, JJ., concur.