## INDUST COMM v MEINNINGER et

Ohio Appeals, 5th Dist, Stark, Co

Decided March 13, 1931

Gilbert Bettman, Columbus, and R. R. Zurmehly, Columbus, for Indust. Comm.

J. F. Cholly, Canton, for Meinninger et.

JUSTICE, J.

Two claims of error are presented: first, decisions and judgments are not sustained by sufficient evidence; second, decisions and judgments are contrary to law.

In order to dispose of the first claimed error we were required to, and have, read both records. They disclose that Meinninger's left foot was caught and crushed between two clay cars, and that Stark's left leg was caught and crushed between two coal cars. Both men sustained very serious injuries, which have greatly impaired their earning capacity. They are young men, and prior to the receipt of their injuries, were able bodied. It is very apparent that both of them, by reason of the injuries, lack much of the energy and usefulness they possessed prior to the accidents. These facts, coupled with others, which we will not mention as they are well known to all concerned, amply warranted the trial court in reaching the conclusions here complained of.

Coming now to the second claimed error. We learn from the records that the defendants in error have participated in the state insurance fund. In the first instance, they were paid on a temporary total disability basis and later on a temporary partial disability basis. Stark was compensated to March 15, 1923, and Meinninger to September 28, 1925. In 1929, however, the defendants in error, desiring to further participate in the state insurance fund, filed applications for a modification of award with the Commission, assigning as ground therefor, an impairment in earning capacity. The

12

Commission heard and denied these applications. Thereupon an appeal was perfected in each matter to the Court of Common Pleas of Stark county, where, upon trial, the judgments now under review were entered.

It is insisted that an appeal did not lie, and hence the judgments are contrary to law. With this contention we are not in accord for the reason that under the facts in these cases, the rulings of the Commission on the applications of the defendants in error for a modification of award, clearly constitute a denial of the right of the defendants in error to further participate in the state insurance fund after the dates named, on a jurisdictional ground going to the basis of their right. §1465-90 GC, as amended in **109 Ohio Laws, 291**, applied, and **Roma v Industrial Commission, 97 Oh St, 247, Perkins v Industrial Commission, 106 Oh St, 233, Industrial Commission v Phillips, 114 Oh St, 607, Industrial Commission v Link, 122 Oh St**, followed.

The rule announced in **Industrial Commission v Sternat, 15 Ohio Appellate, 22**, is not in point and hence of no moment here.

Holding these views, it follows that the judgments now under review, should be affirmed.

Judgment affirmed.

LEMERT, PJ, and SHERICK, J, concur.