Bettman, J.,
 

 dissenting. I respectfully dissent from the majority, and believe that the Court of Common Pleas was correct in permitting the amendment, and that the judgment of the Court of Appeals in affirming the Common Pleas should be affirmed.
 

 I disagree with the view that the case of
 
 State, ex rel. Bernhardt,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 582, 190 N. E., 224, controls here. The factual situation in that case was different. There the claimant, having received compensation for an injury to his spine resulting from a fall from a ladder, sought, more than two years after the fall, to modify the award to get additional compensation for a second injury — a brain injury — claimed to have resulted from the same fall. It was held that this claim for the brain injury was barred by Section 1465-72&, General Code. But in the ease at bar there are not claims for two
 
 injuries;
 
 there is a single claim — for death. Plaintiff by her amendment seeks only to correct the description of the circumstances causing the death. It results from this difference in facts that the
 
 Bernhardt case, supra,
 
 is not controlling. And since I agree that
 
 Kaiser
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 440, 26 N. E. (2d), 449, is also distinguishable for the reasons stated in the opinion of the majority, I believe that we are free to base decision here upon governing statutes and fundamental principles.
 

 The-pertinent controlling facts with respect to the
 
 *533
 
 question of claimant’s right of amendment are briefly these: Claimant, a widow, was seeking to recover for the death of her husband, and filed application therefor with the Industrial Commission. On her original application entitled “First Notice of Death and Preliminary Application,” dated April 8,1937, question three, “Date of accident,” was answered “May 21, 1935.” The blank after question five asking “How did the accident happen,” was filled in “Strain or overexertion causing cerebral hemorrhage.” Thereafter, on January 4, 1938, more than two years from the death, plaintiff filed an amended application changing the answer to question three to “about May 17, 1935,” and the answer to question five to “Strain, overexertion and blow on the head, causing cerebral hemorrhage.”
 

 The Industrial Commission ordered that the application to amend be dismissed. The claim in its unamended form was then disallowed .by the commission on rehearing, and this ruling was appealed to the Court of Common Pleas. There the amended application was received as an exhibit, and a motion to suppress evidence taken before the referee with respect to the amended claim was overruled. The trial court gave the following reason for its ruling:
 

 “In the opinion of the court the
 
 Bernard case
 
 in 127 O. S.
 
 [i. e., State, ex rel. Bernhardt,
 
 v.
 
 Industrial Commission, supra],
 
 presents a different situation; in that case the injury which was attempted to be inserted by amendment was an entirely different injury, but in this case it seems to me that the injury claimed, namely the cerebral hemorrhage, is all that is claimed in both the application and amended application, and the rest of the language is descriptive as to how that cerebral hemorrhage came about, by what accidental means it came about; and I do not think the application should be given the strict construction that a formal pleading would have in court, and therefore am permitting the
 
 *534
 
 amended application to stand, and the line of testimony based on it may
 
 go
 
 in unless there be specific objections made to specific questions which might call for a ruling on other grounds.”
 

 The statute relied upon in the majority opinion here, denying the right to amend, is Section 1465-72®, General Code, which at that time provided:
 

 “In all cases of injury or death, claims for compensation shall be forever barred, unless
 
 within two years after
 
 the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.” (Italics mine.)
 

 Now in the case at bar the death, which is the basis of claim, admittedly occurred on May 21, 1935. A claim for that death was filed on April 8, 1937 — obviously within two years after death. The question at issue would therefore seem to be one that doesn’t turn on any question of the bar of a statute of limitations, but rather on a procedural question — the right to amend an application for recovery for death, the application being admittedly made within the two-year period.
 

 That the Legislature intended that the rules with reference to the passing upon claims by the Industrial Commission should be non-technical is evidenced by the governing statute, Section 1465-91, General Code, in part as follows:
 

 “Such commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of his [this] act * *
 

 In the case at bar there is but one claim for recovery, and that is the death claim; there is also only one cause stated in both the original application and the amended application as the cause of the death, to wit, cerebral
 
 *535
 
 hemorrhage. It is, in my view, entirely too technical to hold that a claimant cannot change her statement of the occurrence resulting in the cerebral hemorrhage, from “strain or over exertion” to “strain, over exertion and blow on the head;” and that it is likewise too technical to forbid the change of date of the occurrence from May 21, 1935, to May 17, 1935.
 

 Even in ordinary civil actions which are governed by more technical and formal rules of procedure, legal commentators and the trend of recent decisions favor greater liberality in permitting amendments after the Statute of Limitations has run, in order to save just claims from being barred. See Clark, Code Pleading (1928), Section 116; notes, 13 Chicago-Kent Law Review, 299, 4 Mercer Beasley Law Review, 204, 4 Missouri Law Review, 49. In a tort action for injuries resulting from negligence, an amendment was permitted changing the date of the accident.
 
 Rygiel
 
 v.
 
 Kanengseiser,
 
 114 N. J. L., 311, 176 A., 605. Similarly an amendment was permitted which greatly enlarged the description of the places at which the plaintiff was exposed to the defendant’s wrongful conduct.
 
 Maty, Admx.,
 
 v.
 
 Grasselli Chemical Co.,
 
 303 U. S., 197, 82 L. Ed., 745.
 

 In Ohio, in a wrongful death action, an amendment has been allowed which added an allegation without which no cause of action had been stated.
 
 Louisville & Nashville Rd. Co.
 
 v.
 
 Greene, Admx.,
 
 113 Ohio St., 546, 149 N. E., 876. After setting out Section 11363, General Code, the court there remarked, at page 562 of its opinion: “Probably in no state in the Union is there a more liberal or comprehensive grant of power given to the courts to permit amendment ‘in furtherance of justice’ than in the section quoted.” In an action for personal injuries, a petition may be amended to alter the description of the precise manner in which the injuries were inflicted or to add new grounds of
 
 *536
 
 negligence. 31 Ohio Jurisprudence, 939 and 957, Sections 336 and 350.
 

 This court has said of the Industrial Commission that “that body is not an adversary one to the claimant; rather is the claimant in the position of a ward of the commission and entitled to its protection,”
 
 Industrial Commission
 
 v.
 
 Link,
 
 122 Ohio St., 181, 190, 171 N. E., 99. Hence in a workmen’s compensation proceeding there should be even a clearer right than in an ordinary civil action to amend an application to add to or to alter the statement of the occurrences upon which the claim for death or injury is based.
 

 It is contended that allowance of amendments of the type here attempted will be conducive to a disorderly administration of the workmen’s compensation law, if not to fraud. It is argued that claimants, disappointed in their initial attempt to establish some accidental origin and cause for the disability or death, will be enabled to scrape up years later some wholly new and different claimed occurrence to which to ascribe the injury or death. The same arguments can be advanced against permitting a petition in an ordinary action for personal injuries to be amended to add new particulars in which the defendant was negligent. But such amendments are allowed in the sound discretion of the court upon such terms as are just to the opposing party. 31 Ohio Jurisprudence, 957, Section 350; Clark, Code Pleading, 515, Section 116.
 

 After amendment, the claimant still has the burden of satisfying the Industrial Commission or a jury as to the truth of the newly asserted matter. The trier of facts may appropriately consider the tardiness with which this new matter was brought to light, in passing upon its weight and truth. The door of amendment must not be so tightly shut as to avoid all risk of fraud. That would indeed be a confession of judicial weakness and might frequently result in a denial of justice.
 

 I therefore believe that the trial court was correct
 
 *537
 
 in receiving the amended application, and that the judgment of the Court of Appeals should be affirmed.